MATTER OF HRONCICH

In Deportation Proceedings

A-8196259

*Decided by Board December 26, 1961 and March 6, 1962*

(1) Action on the motion for termination of the proceedings to enable respondent to apply for naturalization will be held in abeyance pending a preliminary determination by the Service of eligibility for naturalization.

(2) Since respondent has been found eligible for naturalization under section 329, Immigration and Nationality Act, except for the bar contained in section 318 of the Act, the outstanding order and warrant of deportation are withdrawn and the deportation proceedings terminated for the limited and sole purpose of permitting him to proceed with the final hearing on his petition for naturalization.

CHARGE:

Warrant: Act of 1924—No immigrant visa.

### BEFORE THE BOARD

This case comes forward pursuant to counsel's motion submitted at the New York office of the Service on November 9, 1961, requesting the withdrawal of the outstanding order and warrant of deportation and further requesting that the proceedings be reopened to permit the respondent an opportunity to petition for naturalization pursuant to the provisions of section 329 of the Immigration and Nationality Act, as amended. Counsel asserted that a petition for naturalization was filed with the District Director at New York, New York but action thereon was deferred inasmuch as section 318 of the Act bars naturalization if there is outstanding a final finding of deportability in a deportation proceeding.

The respondent, a 30-year-old male, native and citizen of Yugoslavia, has resided continuously in the United States since last entering at New York, New York on or about September 1, 1950 as a nonimmigrant crewman, at which time it was his intention to seek employment and remain permanently in this country. Upon conclusion of the deportation hearing held at New York, New York on November 1, 1951, the hearing officer found the respondent subject

193

to deportation on the charge designated above and directed that he be deported from the United States pursuant to law on the charge stated in the warrant of arrest. The Assistant Commissioner, Adjudications Division, in a decision dated April 2, 1952 granted the respondent permission to depart voluntarily from the United States, in lieu of deportation and directed that if he failed to depart when and as required he be deported pursuant to law on the charge stated in the warrant of arrest.

Counsel in support of his motion submitted a self-explanatory affidavit subscribed and sworn to by the respondent and a photostatic copy of a certificate showing that he was separated from the armed forces of the United States on July 16, 1954 and was honorably discharged therefrom on July 1, 1960.

The Service representative on motion asserted that counsel's motion is premature inasmuch as the respondent's petition for naturalization is now being considered and processed by the New York office of the Service for the purpose of determining whether or not the Service is disposed to recommend to the court that the petition be granted. Counsel and the Service representative in oral argument admitted they had no objection to having action on the instant motion held in abeyance pending the outcome of the interlocutory proceedings by the New York, New York office of the Service on the respondent's petition for naturalization under section 329 of the Immigration and Nationality Act. Accordingly, the following order will be entered.

ORDER: It is ordered that action on the motion be held in abeyance pending the outcome of the preliminary proceedings on the alien's petition for naturalization under section 329 of the Immigration and Nationality Act.

### BEFORE THE BOARD

This case comes forward pursuant to the respondent's motion requesting the withdrawal of the outstanding order and warrant of deportation and further requesting that the proceedings be reopened to permit the respondent an opportunity to petition for naturalization pursuant to the provisions of section 329 of the Immigration and Nationality Act, as amended. The respondent, a 32-year-old male, native and citizen of Yugoslavia, has had continuous residence in the United States since his last admission at New York, New York on or about September 1, 1950 as a nonimmigrant crewman. Deportability has been established under the Immigration Act of 1924, as amended, no immigrant visa.

194

According to information available in the file the respondent filed a petition for naturalization and has been found eligible therefor under the provisions of section 329 of the Immigration and Nationality Act. When this case was last before this Board on December 26, 1961, we directed that action on the motion be held in abeyance pending the outcome of the preliminary proceedings on the alien's petition for naturalization under section 329 of the Immigration and Nationality Act. According to information available in the file the Service has found the respondent eligible for naturalization under the provisions of section 329 of the Immigration and Nationality Act. The Service has indicated that they will make a favorable recommendation to the court if this Board terminates the deportation proceedings.

After carefully considering all the evidence of record, it is our considered opinion that the respondent should be afforded an opportunity to prosecute his petition for naturalization pending in the United States District Court, Eastern District, Brooklyn, New York. In the event the respondent's petition for naturalization is denied, the existing record will constitute a record for deportation purposes.

ORDER: It is ordered that the motion be granted.

*It is further ordered* that the outstanding order and warrant of deportation be withdrawn and the deportation proceeding terminated for the limited and sole purpose of permitting the alien to proceed with the final hearing on his petition for naturalization under section 329 of the Immigration and Nationality Act, presently pending in the United States District Court, Eastern District, Brooklyn, New York.

*It is further ordered* in the event the alien's naturalization is denied, the order and warrant of deportation be reinstated and executed.