MATTER OF JAVIER

In Deportation Proceedings

A-18471488

*Decided by Board August 5, 1968*

Deportation proceedings are not terminated for the purpose of permitting respondent to petition for naturalization under section 320 of the Immigration and Nationality Act on the basis of honorable service in the Armed Forces of the United States during World War II, where deportation is predicated solely on a ground which is not a bar to citizenship under that section (*Millan-Garcia v. Immigration and Naturalization Service*, 382 U.S. 09 (1965)).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer.

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
517 Washington Street
San Francisco, California 94111
(Brief filed)

ON BEHALF OF SERVICE:
Stephen M. Suffin
Trial Attorney
(Brief filed)

The case comes forward on appeal from the order of the special inquiry officer dated May 29, 1968 denying the respondent's application for status as a permanent resident under section 245 of the Immigration and Nationality Act, and also denying the respondent's request for termination of proceedings to enable him to have an opportunity to petition for naturalization, granting voluntary departure in lieu of deportation on or before July 2, 1968, or any extension beyond such date as might be granted by the District Director, further ordering that if respondent failed to depart when and as required, he be deported to the Philippines on the charge contained in the order to show cause.

The record relates to a native of Malaysia, a citizen of the Philippines, 49 years old, male, who was admitted to the United States at Honolulu, Hawaii on or about June 29, 1967 as a temporary visitor until August 31, 1967. On February 23, 1967, his application for status as a permanent resident was denied and he was given until March 24,

1968 to depart voluntarily from the United States. The respondent has failed to depart. Deportability is conceded.

The respondent has reapplied in the deportation proceedings for status as a permanent resident under section 245 of the Immigration and Nationality Act. He claims to be qualified as an airplane mechanic and to be exempt from the necessity of filing a Form ES–575B, describing his prospective employer in the United States as provided in 29 CFR 60.3(b), which requires only the filing of a Form ES–575A, describing his qualifications. Subparagraph (c) of 29 CFR 60.3 refers to Schedule C, a list of occupations which have been found to be in short supply generally, although not nationwide.[1] 8 CFR 245.2(b) provides "that if the applicant is clearly qualified for and will be engaged in an occupation currently listed in Schedule C, the District Director will refer Form ES–575A and evidence of the applicant's qualifications to the Administrator, Bureau of Employment Security, United States Department of Labor for determination with respect to issuance of a certification."

Previously the special inquiry officer, in his oral decision of April 3, 1968 (which is not contained in the file) concluded that it was clear that respondent did not meet the requirements set forth in the definition for airplane mechanic. Upon further consideration, he concluded that only the District Director could make such a finding, withdrew his decision and referred the matter to the District Director, who on May 16, 1968 concluded that the respondent was not clearly qualified for and would be engaged in an occupation currently listed in Schedule C.

Counsel has argued that the special inquiry officer has authority to make the finding as to whether the respondent is clearly qualified as provided in 8 CFR 245.2(b). However, the issue would appear to be moot inasmuch as both the District Director and the special inquiry officer have found the respondent not clearly qualified for the occupation of airplane mechanic as defined in Schedule C referred to in 29 CFR 60.3(c); and in any event, 8 CFR 212.8(c)(4) requires a determination by the Department of Labor as to whether an individual labor certification will be issued and provides that the application for adjustment of status may not be approved until the required certification is issued. The required certification has not been issued and the respondent therefore is not eligible for adjustment of status.

The respondent has requested as an alternative that the proceedings be terminated so that he can file a petition for naturalization under section 329 of the Act as an alien who served honorably in the military service of the United States during World War II. The basis for this

---

[1] See also 8 CFR 212.8(c)(4).

claim of eligibility for naturalization is the fact that he served in the Philippine Army from December 18, 1941 until his discharge in 1946 and that during this period General MacArthur issued an order taking his unit into command of the United States Armed Forces in the Far East. The special inquiry officer declined to terminate proceedings for such purpose, relying upon *Millan-Garcia* v. *Immigration and Naturalization Service*, 382 U.S. 69, 15 L.ed. 2d 144 (1965). In a per curiam decision the Supreme Court vacated the judgment and remanded the case to the Court of Appeals Ninth Circuit, upon examination of the entire record "in light of the representations of the Solicitor General that the petitioner will be afforded an opportunity to apply for citizenship and there will be no deportation proceedings until such determination." The special inquiry officer referred to the Solicitor General's memorandum to the Supreme Court, in which he represented that to avoid the anomalous result which a literal application of section 318 appears to produce, the Service, after consultation with the Solicitor General, has decided that in this and future like cases (*i.e.*, cases where deportation is predicated solely upon a ground which Congress has decided should not be a bar to citizenship for the particular category of aliens involved), deportation proceedings will be held up or stayed ·for a reasonable period to permit the alien to pursue proceedings to obtain naturalization, but the Service will invite the attention of the naturalization court to section 318 but not invoke it as a bar to such proceedings.

It is believed that the decision in *Millan-Garcia* v. *Immigration and Naturalization, supra*, is self-explanatory and that the request for termination of proceedings to permit naturalization was properly denied. The respondent has been granted voluntary departure in lieu of deportation. He will be granted 30 days from date of notification of decision to depart. The appeal will be dismissed.

**ORDER:** It is ordered that the respondent be granted 30 days from date of notification of decision to depart voluntarily.

*It is further ordered* that the appeal be and the same is hereby dismissed.