MATTER OF WONG

In Deportation Proceedings

A-14322774

*Decided by Board June 11, 1971*

Deportation proceedings will not be terminated to permit respondent to proceed toward naturalization where there is no pending application or petition for naturalization by him and he has not established prima facie eligibility for naturalization.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant crewman—remained longer.

ON BEHALF OF RESPONDENT:      .      ON BEHALF OF SERVICE:
David Carliner, Esquire                      R. A. Vielhaber
Pennsylvania Building                      Appellate Trial Attorney
Washington, D.C. 20004

The respondent, a native of China, has been found deportable under the provisions of section 241(a)(2) of the Immigration and Nationality Act in that after admission as a nonimmigrant crewman, he has remained longer than permitted. An order entered by the special inquiry officer on March 19, 1968, granted him the privilege of voluntary departure in lieu of deportation with the alternative order that he be deported to Hong Kong or the Republic of China on Formosa if he failed to depart on or before April 19, 1968. There was no appeal from the special inquiry officer's order. The respondent failed to depart and a warrant of deportation was issued. The respondent on August 14, 1969 moved for a reopening of the deportation proceedings to permit the withdrawal of the outstanding order of deportation, so as to enable him to be inducted into the armed forces of the United States. His motion alleges, *inter alia*, that he is duly registered under the Selective Service and Training Act and has been issued a "statement of acceptability" for induction into the armed services of the United States; that on October 24, 1968 he was or-

701

dered to report for induction into the armed services on November 14, 1968; that he reported as ordered but was advised at that time that the Immigration and Naturalization Service had intervened to prevent his induction and that his induction was therefore postponed; that since the entry of the order of deportation, section 329 of the Immigration and Nationality Act has been amended to permit the naturalization of aliens who have had three months or more of active duty in the armed forces during the present hostilities, regardless of the absence of lawful permanent residence in the United States and that a termination of these proceedings will be beneficial to the interest of the United States since the manifest purpose of the amendment to section 329 is to encourage and facilitate the induction of aliens who are illegally in the United States but who are otherwise acceptable to the armed forces.

The Immigration Service has submitted a memorandum in opposition to the grant of the moion. The special inquiry officer in his decision of October 3, 1969 concludes that he has no authority to terminate the deportation proceedings to permit the respondent's induction into the armed forces of the United States. The respondent appeals from his decision and order. We will affirm the decision and order of the special inquiry officer.

Counsel argues that the rationale of our decision in *Matter of Hroncich*, 11 I. & N. Dec. 193 (BIA, 1961 and 1963), applies to an alien who has been ordered inducted into the armed forces of the United States. We do not agree. Unlike the respondent, Hroncich was eligible for naturalization by reason of his military service and honorable discharge. The only bar at that time was section 318 of the Immigration and Nationality Act which then provided, *inter alia*, that "no person shall be naturalized against whom there is outstanding a final finding of deportability." The Act has since been amended to remove this bar, section 329, Immigration and Nationality Act, as amended by Public Law 90–663. Our order in *Hroncich* merely withdrew the outstanding order and warrant of deportation "for the limited and sole purpose of permitting [Hroncich] to proceed with the final hearing on his petition for naturalization under section 329 of the Act, presently pending in the United States District Court, Eastern District, Brooklyn, New York." Our order also provided that "in the event the alien's naturalization is denied, the order and warrant of deportation be reinstated and executed." The respondent in the case before us is not eligible for naturalization under section 329(a even if deportation proceedings were terminated be-

cause he has not "served honorably in an active-duty status" in the armed forces during the prescribed period nor has he been "separated under honorable conditions" as required by the statute.

Counsel argues that the Board's decision in *Matter of Vizcarra-Delgadillo*, Interim Decision No. 1917 (BIA, 1968), provides the special inquiry officer with ample authority to terminate the deportation proceedings if they have been "improvidently begun." Our decision in *Vizcarra-Delgadillo* stands for the proposition that pursuant to 8 CFR 242.7 enforcement officials of the Immigration and Naturalization Service, as a matter of prosecutive judgment, may move the special inquiry officer for a termination of deportation proceedings as improvidently begun. The special inquiry officer, who is a quasi-judicial officer rather than an enforcement officer, has no such authority. If enforcement officials of the Immigration and Naturalization Service choose to initiate proceedings against a deportable alien and prosecute those proceedings to a conclusion, the special inquiry officer under 8 CFR 242.8 has no discretionary authority to terminate.

As we recently stated in *Matter of Geronimo*, Interim Decision No. 2077 (BIA, 1971):

. . . It is within the District Director's prosecutive discretion whether to institute deportation proceedings against a deportable alien or temporarily to withhold such proceedings. Where such proceedings have been begun, it is not the province of the special inquiry officer (or of this Board, on appeal) to review the wisdom of the District Director's action in starting the proceedings, but to determine whether the deportation charge is sustained by the requisite evidence. . . .

8 CFR 242.7 does provide the special inquiry officer with discretion to terminate a deportation proceeding to permit an alien "to proceed to a final hearing on a pending application or petition for naturalization," but the alien must establish "prima facie eligibility for naturalization" and the case must involve "exceptionally appealing or humanitarian factors." There is no pending application or petition for naturalization for the respondent insofar as we can determine on this record, and the respondent is ineligible for naturalization under section 329 of the Act.

Counsel also argues that the purpose of section 329 of the Immigration and Nationality Act, namely, to encourage military service on the part of deportable aliens who do not have a lawful permanent residence, would be frustrated if sole discretion were placed in the District Director of the Immigration and Naturalization Service to determine whether such alien should be permitted to serve in the armed forces. We find no provision in the im-

703

migration laws which permits the termination of a deportation proceeding for the purpose of encouraging a deportable alien to enlist in the armed forces. Section 329 makes a clear distinction between actual "active duty status" and "anticipated service" in the armed forces. The appeal will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.