## MATTER OF CRUZ

### In Deportation Proceedings

### A-19908881

### Decided by Board April 3, 1975

Deportation proceedings will not be terminated pursuant to 8 CFR 242.7 to permit respondent to proceed in naturalization proceedings, unless the alien establishes *prima facie* eligibility for naturalization. Such eligibility may be established by a communication from the Service or a court declaring the alien eligible for naturalization but for the pendency of the deportation proceedings. [*Matter of Hroncich* 11 I. & N. Dec. 193 (BIA 1961 & 1962), and *Matter of LaRochella*, 11 I. & N. Dec. 436 (BIA 1965), overruled insofar as they indicate deportation proceedings will be held in abeyance pending Service review of a claim to eligibility for naturalization.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—
—remained longer.

ON BEHALF OF RESPONDENT: Marshall E. Kidder, Esquire
P. O. Box 4197
Irvine, California 92664

The alien respondent has appealed from the June 19, 1974 decision of the immigration judge in which the respondent's motion to reopen and terminate these deportation proceedings was denied. The appeal will be dismissed.

The respondent is a native and citizen of the Philippines. Deportability is not in issue and the only question on appeal concerns the requested termination of these proceedings under 8 CFR 242.7.

The pertinent portion of 8 CFR 242.7 provides:

... A special inquiry officer [immigration judge] may, in his discretion, terminate deportation proceedings to permit respondent to proceed to a final hearing on a pending application or petition for naturalization when the respondent has established prima facie eligibility for naturalization and the case involves exceptionally appealing or humanitarian factors; in every other case, the deportation hearing shall be completed as promptly as possible notwithstanding the pendency of an application for naturalization during any stage of the proceedings.

The respondent's claim to eligibility for naturalization is based on section 701 of the Nationality Act of 1940. Counsel states that the

respondent submitted an Application to File Petition for Naturalization (Form N-400) in September of 1972. The Service evidently scheduled an interview for January 11, 1974 in connection with the respondent's application. Counsel states that the respondent attended the interview, but that the case was deferred because one of the respondent's witnesses failed to attend. Shortly thereafter the Service notified the respondent that it deemed him ineligible for naturalization because the underlying basis for his claim had been rejected by the Supreme Court in *INS* v. *Hibi*, 414 U.S. 5 (1973). The Service then issued an order to show cause commencing these deportation proceedings, and in a decision dated February 22, 1974, the respondent was found deportable but was accorded the privilege of voluntary departure.

Counsel for the respondent argues that the decision in *Hibi* leaves unresolved several "due process' and "equal protection" questions with respect to naturalization claims under section 701 of the Nationality Act of 1940. He seeks to raise these issues in the respondent's case; however, he fears that the outstanding order of deportation would be a bar to the litigation of the section 701 claim by virtue of the terms of section 318 of the Immigration and Nationality Act. He accordingly requests termination of the present deportation proceedings.

Prior to the promulgation of 8 CFR 242.7, our power to terminate deportation proceedings in order to permit an alien to proceed with an application or petition for naturalization was based solely on the broad grant of authority in what is now 8 CFR 3.1(d)(1). See *Matter of B—*, 6 I. & N. Dec. 713 BIA 1955; A.G. 1955). Past Board precedent in this area, however, established no clear guidelines with respect to the exercise of this power. The prerequisites to termination set forth in 8 CFR 242.7 establish reasonable criteria which we shall employ in resolving this type of request for termination of proceedings.

The regulation requires that the alien establish prima facie eligibility for naturalization before a motion to terminate may be granted. Although we adjudicate claims to citizenship and to eligibility for citizenship, if germane to a proceeding within our jurisdiction, neither we nor immigration judges have authority with respect to the naturalization of aliens. We will therefore decline to entertain the question of whether an alien is eligible for naturalization for purposes of termination under 8 CFR 242.7. We hold that prima facie eligibility may be established by an affirmative communication from the Service or by a declaration of a court that the alien would be eligible for naturalization but for the pendency of the deportation proceedings or the existence of an outstanding order of deportation.

*Matter of Hroncich*, 11 I. & N. Dec. 193 (BIA 1961 & 1962), and *Matter of LaRochelle*, 11 I. & N. Dec. 436 (BIA 1965), are overruled to the extent that they indicate that we will hold proceedings in abeyance

or order proceedings reopened pending Service review of a claim to eligibility for naturalization. Continuation of the procedures employed those cases would require that we make some preliminary determination with respect to an alien's eligibility for naturalization, unless we are automatically to hold in abeyance or to reopen any case in which termination for naturalization is sought.[1]

This respondent has not established prima facie eligibility for naturalization as set forth above. The immigration judge's denial of the motion to terminate was therefore correct. See *Matter of Wong*, 13 I. & N. Dec. 701 (BIA 1971).

In his brief on appeal, counsel appears to consider termination of these proceedings a prerequisite to raising a court challenge to the Service's evaluation of the respondent's naturalization claim. However, we can perceive nothing to prevent counsel from pursuing his case in a naturalization setting or via an appropriate court action.

**ORDER:** The appeal is dismissed.

---

[1] See also *Matter of Javier*, 12 I. & N. Dec. 782 (BIA 1968), to the effect that section 318 will not be invoked as a bar to naturalization proceedings in certain cases, where deportation is predicted solely upon a ground which Congress has decided should not be a bar to citizenship for the particular category of aliens involved. In such cases termination of deportation proceedings is not needed, since the alien can proceed simultaneously with his petition for naturalization.