Robert LEVY, Petitioner–Appellant,

v.

IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent–Appellee.

No. 00–2904.

United States Court of Appeals, Seventh Circuit.

Submitted March 22, 2001.*

Decided March 22, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, WOOD, Jr., POSNER, Circuit Judges.

## ORDER

Robert Levy, a Jamaican citizen, immigrated to the United States in 1969 and settled in a suburb of Chicago, Illinois. After serving in the Navy during the Vietnam era, Levy was convicted of distributing and conspiring to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), 846, and sentenced to concurrent 120–month terms of imprisonment. In July 1999, just before his scheduled release, Levy filed an application for naturalization based on his military service. *See* 8 U.S.C. § 1440. Soon thereafter the INS commenced removal proceedings based on Levy's drug convictions, 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), and an Immigration Judge ordered Levy removed to Jamaica. The Board of Immigration Appeals affirmed the IJ's decision, and the United States Court of Appeals for the Fifth Cir-

cuit dismissed Levy's petition for review for lack of jurisdiction. Levy remains in federal custody in Louisiana pending deportation. The INS transferred Levy's pending application for naturalization to Chicago based on Levy's assertion that his permanent residence is there.

Levy commenced this suit by filing a petition asking the district court to declare him prima facie eligible for naturalization based on his military service, presumably in an effort to avoid removal. *See* 8 U.S.C. §§ 1440 (naturalization based on active-duty military service); § 1429 (final order of removal does not preclude naturalization based on military service). The district court asked an attorney to represent Levy, but the attorney sought to withdraw because he could discern no jurisdictional basis for Levy's petition. In an *Anders*-type brief, *see Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel noted that 8 U.S.C. § 1421(c), which Levy had cited as granting the district court jurisdiction over his petition, permits only district court review of a *denial* of an application for naturalization and thus does not apply to Levy's case. The district court agreed and, after allowing Levy to respond to counsel's motion, dismissed the petition for lack of jurisdiction.

On appeal, Levy concedes that § 1421(c) provides no jurisdictional basis for his petition because his naturalization application has not yet been denied. Instead, Levy points to *In re Cruz*, 15 I. & N. Dec. 236, 237, 1975 WL 31486 (B.I.A.1975), a 1975 decision by the Board of Immigration Appeals holding that a court may declare an alien prima facie eligible for naturalization. But only Congress—not an administrative agency—can confer jurisdiction on a federal court. *See, e.g., Allied Corp. v. ITC*, 850 F.2d 1573, 1578 (Fed.Cir.1988). *Cruz* cites no jurisdictional basis for its holding, and

was decided at a time when district courts had exclusive jurisdiction to grant or deny applications for naturalization. The Immigration Act of 1990 shifted this jurisdiction to the Attorney General, however, *see* 8 U.S.C. § 1421(a) (vesting the Attorney General with exclusive authority over naturalization proceedings), and under the current law district courts have jurisdiction only in cases where the INS denies an application for naturalization, *see* 8 U.S.C. § 1421(c), or neglects to rule on it within 120 days of conducting a naturalization interview, *see* 8 U.S.C. § 1447(b). *See also* 8 C.F.R. §§ 310.1 (Attorney General has sole authority to naturalize aliens as of October 1, 1991), § 310.4 (courts lack jurisdiction to naturalize persons whose applications for naturalization were filed on or after October 1, 1991). Levy's case presents neither set of circumstances. Similarly, the district court cases on which he relies are inapposite because they involve district court review of the *denial* of applications for naturalization. *See Ngwana v. Attorney General,* 40 F.Supp.2d 319 (D.Md.1999); *Gatcliffe v. Reno,* 23 F.Supp.2d 581 (D.Vi.1998). Levy's application, in contrast, has not yet been acted on. Indeed, it remains incomplete because Levy has not provided the INS with fingerprints. *See Sze v. INS,* 153 F.3d 1005, 1007 (9th Cir.1998) (application materials submitted to INS must include legible set of fingerprints); 8 C.F.R. § 316.4 (naturalization applicants shall be fingerprinted).

Because we conclude that the district court properly determined that it lacked jurisdiction over Levy's petition, we need not address Levy's other arguments. Accordingly, the judgment of the district court is AFFIRMED.