United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60756
_____

ANTONIO BRAVO-GALLAGA,
A42 909 078

Petitioner,

versus

JOHN D. ASHCROFT,
Attorney General of the United States,

Respondent.

_____

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
_____

Before JONES, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

Per Curiam:*

The Court has carefully considered this appeal in light of the briefs, record and oral arguments. Having done so, we affirm both the Board's decision to deny Bravo-Gallaga's motion to terminate his removal proceeding and its order of removal.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petitioner contends that the Board's interpretation of 8 C.F.R. § 239.2(f) to require "an affirmative communication of the [Immigration and Naturalization] Service" in line with Matter of Cruz, 15 I&N Dec. 236 (BIA 1975), is wrong. Since applicable law and procedures have changed since Cruz was issued, Petitioner contends he is deprived of the opportunity for a court to review his prima facie eligibility for naturalization. He suggests the immigration judge misapplied Cruz by refusing to adjudicate his prima facie eligibility and instead demanding a statement from the Service, especially because the Service was then engaged in trying to deport him. Alternatively, Petitioner urges that Cruz be "revisited" to permit immigration judges to rule on the issue of prima facie eligibility for purposes of § 239.2(f).

In our view, these arguments are unavailing for three reasons. First, the statutes still do not authorize immigration judges or the Board to decide issues of naturalization. Second, Petitioner's inability to obtain a decision from a court (though he never went to court for such relief) or the Service amounts to harmless error in this case, because his conviction for alien smuggling destroyed his prima facie eligibility for naturalization at the time of the immigration hearing. Finally, this court lacks jurisdiction to require the Board to "revisit" its own decision, and we are without authority to issue an order in this appeal compelling the Service to rule in a separate administrative proceeding on Bravo-Gallaga's prima facie eligibility.

2

The Board did not abuse its discretion in denying the relief requested.  **AFFIRMED**.