

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# Apokarina v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4265

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Apokarina v. Atty Gen USA" (2004). *2004 Decisions.* Paper 857.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/857

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4265

DANIL APOKARINA

v.

JOHN ASHCROFT, ATTORNEY
GENERAL OF THE UNITED STATES;
KENNETH ELWOOD, DISTRICT
DIRECTOR, U.S.I.N.S.

Danil Apokarina a.k.a
Danil Apokarin,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-cv-00210)
District Judge: Honorable Eduardo C. Robreno

Argued July 31, 2003

Before: SCIRICA, Chief Judge, RENDELL and AMBRO, Circuit Judges

(Opinion filed: April 7, 2004)

James J. Orlow, Esquire (Argued)
Orlow & Orlow
6th & Chestnut Streets
656 Public Ledger Building
Philadelphia, PA 19106

*Attorney for Appellant*

Patrick L. Meehan, United States Attorney
Virginia A. Gibson, Assistant United States Attorney
Susan R. Becker, Assistant United States Attorney (Argued)
615 Chestnut Street, Ste. 1250
Philadelphia, PA  19106-4476

  *Attorneys for Appellee*

———————

OPINION

———————

AMBRO, <u>Circuit Judge</u>

The issue in this case was initially straightforward.  Under 8 U.S.C. § 1429, the Attorney General of the United States may not consider naturalization applications of aliens against whom removal proceedings are pending.  We were asked to decide whether a district court has jurisdiction under 8 U.S.C. § 1421(c) to review the denial of a naturalization application when that denial is based on § 1429 (*i.e.*, there was, apparently, a pending removal proceeding at the time the naturalization application was denied).

At oral argument, however, it came to our attention that the Attorney General (apparently in line with a long-standing practice dating back to 1975, *see Matter of Cruz*, 15 I. & N. Dec. 236 (1975)), has been considering, and granting, applications to terminate removal proceedings to permit persons to proceed on their naturalization applications in exceptional cases.  Because this practice—in the face of a seemingly clear statutory bar to considering naturalization applications while formal removal attempts are underway—

suggests questions that require further development, we remand.

## I.     Facts and Procedural History

In 1980, Petitioner Danil Apokarina, a native of Russia, entered the United States as a refugee.   He became a permanent resident on October 29, 1981.  Between 1984 and 1993, Apokarina was convicted of a variety of crimes in Pennsylvania and New Jersey, including resisting arrest, theft, improper gifts to public servants, possession of a weapon, reckless endangerment, and possession of a controlled substance.  In 1996 the Immigration and Naturalization Service ("INS")[1] began removal proceedings against Apokarina by issuing an Order to Show Cause and Notice of Hearing ("Order to Show Cause") on the basis of his criminal convictions.  In 1997 the INS issued a second Order to Show Cause after Apokarina tried to cross from the United States to Canada without proper immigration papers.

Apokarina submitted an application for naturalization in February 1999.  He acknowledged on his application that he was in removal proceedings.  The record, however, reflects that Apokarina's removal proceedings were administratively closed by agreement of the parties in 1998, and not reopened by the INS until April 2000.  We are thus unclear as to the basis for the District Court's opinion that Apokarina's naturalization

---

[1]As a result of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002), the INS has ceased to exist as an agency within the Department of Justice and its enforcement functions have been transferred to the Department of Homeland Security.  For convenience, we refer solely to the INS throughout this opinion.

application was submitted "while the removal proceedings were still pending."[2]  Per its delegated authority from the Attorney General to naturalize immigrants, *see* 8 U.S.C. § 1421, the INS rejected his naturalization application in July 2000, citing to § 318 of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1429, which states that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."[3]

Apokarina appealed and sought a hearing before an immigration officer.  At the hearing in January 2001, he presented evidence of the ways in which he had rehabilitated his good moral character subsequent to his criminal convictions.[4]  In August 2001 the INS Acting District Director affirmed the July 2000 decision.  In doing so, he apparently considered and rejected Apokarina's naturalization application on the merits.  He emphasized Apokarina's extensive criminal record and concluded that he lacked the good moral character that must be demonstrated by an applicant for naturalization.

---

[2]  Apokarina does not challenge this assertion on appeal—as noted, he stated in his naturalization application that removal proceedings were pending.  No argument or briefing was presented to us on the question whether, during the period between the time that removal proceedings are administratively closed and the time that those proceedings are reopened, they are properly deemed pending.

[3] An Order to Show Cause constitutes a warrant of arrest for the purposes of this section.  8 C.F.R. § 318.1.

[4] In order to be eligible for naturalization, an applicant must show, *inter alia*, that he or she possesses good moral character.  8 U.S.C. § 1427(a).

4

In January 2002 Apokarina filed a complaint seeking judicial review by the District Court of the denial of his application for naturalization under 8 U.S.C. § 1421(c), which provides that "a person whose application for naturalization . . . is denied . . . may seek review [in the] United States district court." The Government argued that because the Attorney General lacked jurisdiction to consider Apokarina's naturalization application, so too did the District Court. In November 2002 the District Court granted the Government's motion to dismiss for lack of subject matter jurisdiction. This appeal followed.[5]

## II.    Basis for Remand

Prior to 1990, the INA conferred on district courts exclusive jurisdiction to naturalize aliens. INA § 310, 8 U.S.C. § 1421(a). These courts were, however, statutorily precluded from granting the naturalization applications of aliens when removal proceedings against them were underway in connection with a warrant of arrest. The prior version of 8 U.S.C. § 1429 read: "No person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest . . . ; and no application for naturalization shall be finally heard by a deportation court if there is pending against the petitioner a removal proceeding pursuant to a warrant of arrest." Consequently, district courts lacked subject matter jurisdiction to entertain an application for naturalization filed by an alien against whom a removal proceeding was pending. *See,*

_____

[5]We have appellate jurisdiction under 28 U.S.C. § 1291.

*e.g.*, *Petition of Terzich*, 256 F.2d 197, 200 (3d Cir. 1958); *United States v. Ali*, 757 F. Supp. 710, 713-14 (W.D. Va. 1991).

The Immigration Act of 1990 transferred jurisdiction to consider naturalization applications from district courts to the Attorney General. Pub. L. No. 101-649, § 401, 104 Stat. 4978. While the Attorney General now has the sole authority to naturalize aliens, 8 U.S.C. § 1421(a), he or she (like district courts under the prior law) may not consider an application for naturalization if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest. 8 U.S.C. § 1429. But no mention is made of what district courts may do in § 1429. They may review denials of naturalization petitions, without regard to the basis for the denial. 8 U.S.C. § 1421(c). Thus it is an open question whether a district court has jurisdiction under § 1421(c) to review the Attorney General's denial of a naturalization petition based on § 1429.

Adding additional complexity to this area is that, since the 1990 amendment, the Attorney General has entertained petitions for naturalization and ruled on their merits—rather than dismissing them for lack of jurisdiction due to pending removal proceedings—in at least four cases in addition to Apokarina's. *See Zayed v. United States*, 221 F. Supp. 2d 813 (N.D. Ohio 2002); *Tellez v. INS*, 91 F. Supp. 2d 1356 (C.D. Cal. 2000); *Gatcliffe v. Reno*, 23 F. Supp. 2d 581 (D.V.I. 1998); *Mosleh v. Strapp*, 992 F. Supp. 874 (N.D. Tex. 1998).

The only possible authority that we find for the Attorney General to do this is the

1975 decision of the Board of Immigration Appeals entitled *Matter of Cruz*, 15 I. & N. Dec. 236 (1975). There the BIA held that, if an alien can establish *prima facie* eligibility for naturalization, he can move to have removal proceedings terminated under 8 C.F.R. § 242.7.[6] But *Cruz* was decided prior to the 1990 statutory amendments, and the BIA based its conclusion on the fact that "neither we nor immigration judges have authority with respect to the naturalization of aliens." 15 I. & N. Dec. at 237. But with the Attorney General having sole authority to naturalize aliens since 1990 under 8 U.S.C. § 1421(a), is *Cruz* still viable?[7]

All of this spawns many questions.

(1) Does the Attorney General view *Cruz* as continuing authority for considering the merits of naturalization petitions in the face of pending removal proceedings? If not, does it have any other authority to do so?

(2) If the Attorney General derives no authority from *Cruz* or elsewhere for considering the merits of naturalization petitioners in the face of pending removal proceedings, why does it continue to consider those petitions on the merits?

(3) Did the Attorney General consider the merits of Apokarina's naturalization application as part of the discretionary administrative process enabling termination of

---

[6]Until last year upon regulatory repeal, this procedure was codified in the INS regulations at 8 C.F.R. § 239.2(f). 68 Fed. Reg. 35276 (June 13, 2003).

[7]While we requested and received post-argument briefing from the parties on the status of *Cruz*, this resulted in raising more questions than answers.

7

removal proceedings under *Cruz*? (If the Attorney General is considering the merits of his application notwithstanding limits on his jurisdiction imposed by 8 U.S.C. § 1429, then the case for the District Court's jurisdiction to review the Attorney General's decision is stronger.)

(4) What is the effect, if any, of the repeal of 8 C.F.R. § 329.2(f), on the Attorney General's policy regarding *Cruz*?

(5) Were removal proceedings against Apokarina in fact pending at the time he filed his naturalization application?

*     *     *     *     *

In this context, we remand this case for further proceedings consistent with this opinion.