**Jose Leonel BAEZ–FERNANDEZ,
Plaintiff,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE and Edward McElroy as District Director, Immigration and Naturalization Service, New York District; Defendants.**

No. 03 Civ. 258(BSJ).

United States District Court,
S.D. New York.

Jan. 18, 2005.

Alan Michael Strauaa, Law Offices of John Savastano, New York City, for Plaintiff.

Frank James Loprest, U.S. Attorney's Office, S.D.N.Y., New York City, for Defendants.

*Opinion*

JONES, District Judge.

The Government seeks to dismiss a complaint brought by Plaintiff Jose Leonel Baez–Fernandez ("Baez–Fernandez" or "Plaintiff") on the grounds that the Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(1), (b)(6).

*FACTS*

Baez–Fernandez is a citizen of the Dominican Republic who was admitted to the United States as a lawful permanent resident on December 25, 1987. (Complaint for Declaratory Relief ¶¶ 4, 7.) Over the next ten years he was convicted of three misdemeanors: driving while intoxicated in 1988 and 1991, and criminal facilitation in the fourth degree in 1993. (Complaint ¶ 10.)

On August 9, 1997, Baez–Fernandez returned to the United States following a trip abroad and presented his "green card" for admission to the United States. Instead, immigration inspectors charged him with inadmissibility based on their conclusion that his criminal facilitation conviction was related to an underlying controlled substance offense, and placed him in removal proceedings.

On January 25, 2000, while his removal proceedings were pending, Baez–Fernandez filed an application with the Immigration and Naturalization Service ("INS"[1]) to become a naturalized citizen of the United States. Two years later, INS denied the application on the ground that 8 U.S.C. § 1429 bars consideration of naturalization applications by persons in removal proceedings.

Baez–Fernandez did not file an administrative appeal of that denial. Instead, he filed a second naturalization application. (Complaint ¶ 16.) That application is still pending. In the meantime, Baez–Fernandez moved the Immigration Judge ("IJ") to terminate his removal proceedings so the INS could adjudicate the naturalization application. The IJ denied the motion.

Baez–Fernandez filed a complaint in federal district court seeking a declaratory judgment that he is "prima facie eligible to naturalize as a United States citizen." (Complaint ¶ 1.) The Government moved to dismiss the complaint under Rule 12(b)(1) for lack of jurisdiction, and under Rule 12(b)(6) on the grounds that Plaintiff had failed to state a claim, and any decision by this Court would be advisory.

*DISCUSSION*

Baez–Fernandez asserts three bases for jurisdiction, but none of them is sufficient. *Malik v. Meissner*, 82 F.3d 560, 562 (2d

Cir.1996) ("The burden of proving jurisdiction is on the party asserting it.") He argues that the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., creates jurisdiction; or, alternatively, jurisdiction lies under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq., and the declaratory judgment statutes, 28 U.S.C. §§ 2201 et seq. (Complaint ¶ 2.)

The INA specifies only two points in the naturalization process at which a district court may intervene: first, when the INS has denied a naturalization application and that denial has been affirmed on administrative appeal, INA § 310(c); 8 U.S.C. § 1421(c), or second, where an applicant for naturalization has been examined by the INS and more than 120 days have elapsed without decision. INA § 336(b); 8 U.S.C. § 1447(b). Baez–Fernandez has not arrived at either juncture, neither on his first unsuccessful naturalization application nor on his second, pending application.

█ The Court lacks jurisdiction to review Baez–Fernandez's first naturalization application because he did not exhaust his administrative remedies by requesting a hearing before an immigration officer as provided in 8 U.S.C. § 1447(a). Where, as here, exhaustion of administrative remedies is required by statute, exhaustion is jurisdictional and must be enforced. *See McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); *Bastek v. Federal Crop Ins. Co.*, 145 F.3d 90, 94 (2d Cir.1998).

█ Baez–Fernandez's second, subsequent naturalization application cannot be grounds for jurisdiction either. That application has not been finally adjudicated

---

1. In March 2003, the INS ceased to exist as an agency within the Department of Justice. Its enforcement functions were transferred to the Department of Homeland Security. For convenience, we refer solely to the INS throughout this opinion.

because Baez–Fernandez is in removal proceedings. The delay in deciding the application is not the delay referred to in § 1447(b); Baez–Fernandez has not yet been examined, and the 120–day period begins to accrue only after examination. 8 U.S.C. § 1447(b).

■ Plaintiff claims that his failure to exhaust should be excused for futility, a common-law exception to the exhaustion doctrine. *Howell v. INS*, 72 F.3d 288, 291 (2d Cir.1995). However, this Circuit has held that where an exhaustion requirement is statutory, as it is under 8 U.S.C. § 1421(c), common law "exceptions—including futility—[are] simply not available." *Theodoropoulos v. Immigration and Naturalization Service*, 358 F.3d 162, 172 (2d Cir.2004).

■ Plaintiff does not qualify for the lone remaining exception to the exhaustion doctrine in this circuit: where denial of jurisdiction would work a manifest injustice. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 53 (2d Cir.2004). That Baez–Fernandez cannot obtain a declaration of his eligibility to naturalize is not a "manifest injustice" at this stage. In *Marrero Pichardo*, the Circuit cited extraordinary circumstances—including significant procedural errors—which raised the spectre of manifest injustice. *Id.* at 54–55. Moreover, the plaintiff in that case had already been ordered deported; the appeal from his habeas petition was his last opportunity to retain his legal status in the United States. *Id.* at 50.

In contrast, Baez–Fernandez is not out of options. He has not been ordered removed; he appears to be eligible for a waiver of the grounds of inadmissibility under INA § 212(c). The manifest injus-

tice exception to the exhaustion requirement is not appropriate here, and his failure to exhaust his administrative appeals bars jurisdiction.

Plaintiff is admittedly in a difficult position. He claims to meet all of the facial requirements for naturalization, including being a lawfully admitted permanent resident for at least five years, and being a person of good moral character for the five years preceding his application. (Complaint ¶ 20.) Despite this, the Attorney General will not adjudicate Plaintiff's naturalization application because he is in removal proceedings, and the Immigration Judge will not terminate removal proceedings without a declaration that Plaintiff is prima facie eligible to naturalize. (*See* Complaint ¶ 26.)

■ This Court, however, does not have jurisdiction to issue such a declaration.[2] As discussed above, there is no jurisdiction under the INA, and neither the Administrative Procedure Act nor the declaratory judgment statutes are an independent grant of jurisdiction. Although the APA has been held to govern some aspects of immigration policy, *Kooritzky v. Reich*, 17 F.3d 1509 (D.C.Cir.1994) (finding that where interim final rule regarding substitution on labor certification was never open for public comment, APA was violated); *Haitian Centers Council, Inc. v. Sale*, 823 F.Supp. 1028, 1045–49 (E.D.N.Y. 1993) (applying the APA to invalidate detention of HIV positive asylees), it does not apply to the conduct of hearings explicitly governed by the INA. *Marcello v. Bonds*, 349 U.S. 302, 310, 75 S.Ct. 757, 99 L.Ed. 1107 (1955).

---

**2.** There is a conflict, not yet addressed in this Circuit, regarding whether a district court ever has the power to adjudicate naturalization applications filed by persons in removal proceedings. See, e.g., *Apokarina v. Ashcroft*,

93 Fed.Appx. 469 (3d Cir.2004). It is not necessary to decide the question today, as Plaintiff's failure to exhaust deprives this Court of jurisdiction.

As for the declaratory judgment statute, 28 U.S.C. § 2201, that statute has been held purely procedural; it does not itself enlarge the jurisdiction of the federal courts. *Fleet Bank, N.A. v. Burke,* 160 F.3d 883, 886 (2d Cir.1998); *Skelly v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

*CONCLUSION*

The case is dismissed without prejudice. The clerk of the court is directed to close the case.

**SO ORDERED.**