United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60519
Summary Calendar

CECILIA CERNA DE CAMPBELL,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A44 466 158
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Cecilia Cerna De Campbell (Cerna) has filed a petition for
review of the decision of the Board of Immigration Appeals (BIA)
denying her motion to terminate the removal proceedings to allow
her to pursue her application for naturalization.  Cerna argues
that the Immigration Judge (IJ) and the BIA applied the incorrect
legal standard to determine that Cerna had not established her
prima facie eligibility for naturalization.  Cerna argues that
the IJ and BIA erred in basing the decision on her two prior
convictions without considering the mitigating factors in her

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case, including her status as a mother of three children, a wife, a member of her community, a church member, an orphan, a foster child, and a refugee. She also argues that the IJ and BIA erred in relying on Matter of Cruz, 15 I. & N. Dec. 236 (BIA 1975), because it is an irrational interpretation of 8 U.S.C. § 1429 and 8 C.F.R. § 1239.2(f).

Cerna has not shown that the BIA erred in denying her motion to terminate the removal proceedings or used the incorrect legal standard in denying her motion. Cerna has not shown that the BIA erred in relying on Cruz, as this court has implicitly determined that Cruz is a reasonable interpretation of the applicable statutes and regulations even after the 1990 amendments to those statutes. Bravo-Gallaga v. Ashcroft, 82 F. App'x 971 (5th Cir. 2003). Cerna has not shown that the IJ and BIA improperly delegated their authority to the United States Citizenship and Immigration Service (USCIS) to determine whether Cerna was prima facie eligible for naturalization. To establish her prima facie eligibility for naturalization, Cerna had to establish, inter alia, that she had been a person of good moral character for the five years immediately preceding the date of her naturalization application pursuant to 8 U.S.C. § 1427(a)(3). Contrary to Cerna's argument, the USCIS's determination of whether Cerna had established good moral character was not an improper or premature discretionary determination. See id.; 8 C.F.R. § 316.10(a). The USCIS stated that it reviewed Cerna's

entire file before making its determination of whether she was prima facie eligible for naturalization.  Because Cerna did not establish her prima facie eligibility for naturalization, Cerna has not shown that the BIA erred in denying her motion to terminate the removal proceedings.  Accordingly, Cerna's petition for review is DENIED.