**Abdelhakim Abdelquder MOSLEH, Plaintiff,**

v.

**Arthur E. STRAPP, District Director, Immigration and Naturalization Service, Defendant.**

**Civil Action No. 3:97–CV–2678–H.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 20, 1998.

Robert E. Kahn, Bellaire, TX, for Plaintiff.

James Thomas Reynolds, Immigration & Naturalization Service, Department of Justice, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

Before the Court are Defendant's Response in Opposition to Plaintiff's Complaint For Declaratory Judgment of Naturalization, and Defendant's Motion to Dismiss And Brief in Support Thereof, both filed November 14, 1997, and pleadings related thereto.

### I. Rule 12(b)(1) Standard

Defendant seeks dismissal for lack of subject matter jurisdiction. To defend a motion for dismissal under Rule 12(b)(1), the plaintiff has the burden of demonstrating subject matter jurisdiction *Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir.1995), *cert. denied,* 516 U.S. 1071, 116 S.Ct. 771, 133 L.Ed.2d 724 (1996) Wright & Miller, *Federal Practice and Procedure* § 1350 n. 49 (1980 & Supp.1997). The question of subject matter jurisdiction is an issue for the court. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

Under Fifth Circuit law, a court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on 1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications Inc.,* 117 F.3d 900, 904 (5th Cir.1997); *Williamson,* 645 F.2d at 413. Thus, the existence of disputed material facts "... will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The Court's jurisdictional findings of fact are reviewed for clear error. *Robinson,* 117 F.3d at 904.

### II. Factual Background and Analysis

On October 22, 1993, Abdelhakim Abdelquder Mosleh ("Plaintiff") filed a Form N–

400 (Application to File Petition for Naturalization). On February 20, 1996, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause, charging Plaintiff with deportability under 8 U.S.C. § 1251(a)(1)(A). Plaintiff was charged with procuring a visa or other documentation by means of fraud. On September 20, 1996, Plaintiff's naturalization application was denied for lack of good moral character, as the INS alleged that Plaintiff made false statements under oath in order to obtain immigration benefits.

On April 25, 1997, the Immigration Judge terminated deportation proceedings. The attorney for Plaintiff had submitted to the Immigration Judge written pleadings which were never received by the INS. Thus, the Immigration Judge's decision was not based on the merits of the case, but rather was entered when the INS' motion for continuance (filed because the INS was not ready to proceed) was denied. Nevertheless, on August 15, 1997, the INS re-issued a Notice to Appear (formerly known as an Order to Show Cause), charging the Plaintiff with removability under 8 U.S.C. § 1227(a)(1)(A) for procuring a visa through fraud and under 8 U.S.C. § 237(a)(1)(G)(ii) for entering into a marriage for immigration purposes. Plaintiff is scheduled to appear before an Immigration Judge on March 24, 1998, to consider the merits of deportability. *See* Defendant's November 14, 1997 Brief and Defendant's Notice to Court of Agency Action, dated January 5, 1998.

 Plaintiff filed in this Court on October 31, 1997, a complaint seeking a declaration that Plaintiff is entitled to be a naturalized citizen of the United States. However, 8 U.S.C. § 1429 provides that "... no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other [a]ct ..." The Third Circuit has held that this provision divests the court of naturalization jurisdiction that could otherwise be exercised. *See In re Petition of Terzich,* 256 F.2d 197, 198 (3rd Cir.1958), *cert. denied,* 358 U.S. 843, 79 S.Ct. 66, 3 L.Ed.2d 77 (1958);

*see also, United States v. Ali,* 757 F.Supp. 710, 712–13 (W.D.Va.1991). Furthermore, an Order to Show Cause issued in a deportation proceeding is regarded as a warrant of arrest. *See* 8 C.F.R. § 318.1 (1990); *see also, Shomberg v. United States,* 348 U.S. 540, 543–44, 75 S.Ct. 509, 99 L.Ed. 624 (1955) (holding that naturalization or the holding of final hearings on naturalization petitions are prohibited where deportation proceedings have been instituted under the provisions of the Immigration and Nationality Act or any other Act).

### III. Conclusion

 It is true that the deportation proceedings against Plaintiff were terminated. However, because they were reinstituted by the INS prior to the filing of this lawsuit, this Court lacks jurisdiction to hear Plaintiff's claim. Therefore, Plaintiff's claim for a declaration of naturalization is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).