Joseph KEMBI, Petitioner–Appellant,

v.

IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent–Appellee.

No. 00–1336.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; GAUGHAN, District Judge.*

Joseph Adewale Kembi appeals pro se from a district court judgment that denied his habeas corpus petition filed under 28 U.S.C. § 2241. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. See Fed. R.App. P. 34(a).

Kembi emigrated to this country from Nigeria. He became a lawful permanent resident in 1990, and filed documents supporting his citizenship application in 1995. In 1996, however, Kembi was convicted of conspiring to import heroin and sentenced to thirty-three months of imprisonment. The INS put a hold on his citizenship application, and issued a detainer against him. Thus, Kembi never took a public oath of renunciation and allegiance, as required by 8 U.S.C. § 1448(a).

In his § 2241 petition, Kembi alleged that he had satisfied all of the other requirements for citizenship, that an immigration examiner had approved his application in 1995, and that the failure of the INS to take further action within 120 days required him to be sworn in *nunc pro tunc.* He also sought to terminate removal proceedings that had been brought against him. The district court dismissed the petition on March 22, 2000, and Kembi now appeals. He has moved for pauper status and for a stay of his deportation proceedings. However, the motion for a stay is now moot, as it is undisputed that Kembi was deported two days before it was received by our court.

A *de novo* review of the record shows that the district court properly held that it lacked jurisdiction over the decision to commence removal proceedings against Kembi. See 8 U.S.C. § 1252(g). Kembi has abandoned this issue by failing to raise a clear argument regarding it in his appellate briefs. See *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

The district court also properly found that it could not naturalize Kembi while his removal proceedings were pending. See 8 U.S.C. § 1429. Kembi argues that his § 2241 petition was filed before those proceedings began. This argument fails because the court retained jurisdiction over his case and simply found that he could not be naturalized as of a date that arose during his removal proceedings. Naturalization was also barred by Kembi's felony drug conviction. See 8 U.S.C. §§ 1101(f)(8) *and* 1427(a); *In re Nybo,* 42 F.2d 727, 728 (6th Cir.1930).

Kembi alleged that an INS examiner approved his application on January 17, 1995, and that the failure of the INS to take further action within 120 days required him to be sworn in *nunc pro tunc,* effective on a date that preceded his con-

* The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

viction. This argument is based on 8 C.F.R. § 336.1(a), which provides as follows:

> After completing all examination procedures contained in part 335 of this chapter and determining to deny an application for naturalization, the Service shall serve a written notice of denial upon an applicant for naturalization no later than 120 days after the date of the applicant's first examination on the application.

In rejecting this claim, the district court found that the INS had acted on Kembi's application within 120 days, by placing it on hold pending his criminal proceedings. Kembi now argues that he committed his criminal offense after the 120–day period had expired. However, the court also found that Kembi was interviewed by a second INS examiner on February 22, 1995. At that time, Kembi indicated that he wanted to recognize his son, and his application was "continued" to obtain a record of the child, tax returns, and proof of his support in Nigeria. Thus, the court properly found that § 336.1(a) was not controlling because Kembi had not completed his application.

■ The district court's authority was based on 8 U.S.C. § 1447(b), which provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

This statute merely allows for judicial review of the application, a remedy that Kembi was afforded. There is nothing in the statute that would have required the court to administer an oath of renunciation and allegiance *nunc pro tunc*, even if the INS had failed to act on Kembi's application within 120 days.

Finally, the plain language of § 1447(b) suggests that the courts' jurisdiction is premised on the INS's failure to make an administrative determination. Kembi's application has now been effectively denied, as he has been deported and is now statutorily barred from becoming a citizen by his felony drug conviction. *See In re Nybo*, 42 F.2d at 728. Thus, his case is now moot. *See generally Sze v. INS*, 153 F.3d 1005, 1010 (9th Cir.1998).

Accordingly, Kembi's motion for pauper status is granted for the limited purpose of addressing this appeal, his motion for a stay is denied as moot, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.