**Kirandeep GREWAL Plaintiff**

v.

**John ASHCROFT, et al. Defendants**

**No. 1:03 CV 1858.**

United States District Court,
N.D. Ohio,
Eastern Division.

Jan. 30, 2004.

Jayashree Y. Bidari, Westlake, OH, for Plaintiff.

Kathleen L. Midian, Assistant U.S. Attorney, Office of the U.S. Attorney, Northern District of Ohio, Cleveland, OH, for Defendants.

## MEMORANDUM OF OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

WELLS, District Judge.

On 5 September 2003, plaintiff Kirandeep Grewal filed a petition for review and request for *de novo* hearing against defendants John Ashcroft, Attorney General of the United States; Gregory A. White, United States Attorney; Tom Ridge, Secretary, U.S. Department of Homeland Security; and Mark Hansen, District Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services (collectively referred to as the "Government"). (Docket # 1). Before this Court is the Government's motion to dismiss Ms. Grewal's petition for lack of subject matter and personal jurisdiction, pursuant to Rules 12(b)(1) and (b)(2) of the Federal Rules of Civil Procedure. (Docket # 8). Ms. Grewal filed a brief in opposition on 3 December 2003. (Docket # 9). The Government subsequently filed its reply. (Docket # 10).

For the reasons set forth below, the Government's motion to dismiss is denied.

## I. BACKGROUND

Ms. Grewal is a native and citizen of India, born on 19 January 1969. (Attachment to Petition, 15 May 2003 Decision by District Director Mark Hansen ("Decision") at 1). On 4 October 1989, Ms. Grewal immigrated to the United States with her parents and two younger siblings and became a lawful permanent resident. (Petition at ¶¶ 11 and 12). On 31 May 2000, Ms. Grewal filed an Application for Naturalization with the Immigration and Naturalization Service ("INS"). (Petition at ¶ 10; Decision at 1). The INS denied her application on 22 July 2002. (Petition at ¶ 10). Plaintiff filed a motion to reconsider the denial of her application and a hearing was held at the Cleveland District Office of the INS. (Petition at ¶ 10). On 15 May 2003, the INS issued a final decision denying Ms. Grewal's application because she had been convicted of three crimes of mor-

al turpitude [1] and therefore failed to demonstrated that

- "she is a person of good moral character, as required under Section 316(a) of the Act;" and,
- "she is not removable from the United States in accordance with Section 237(a)(2)(A)(ii)."

(Decision at 2). The INS's final decision informed Ms. Grewal that she "may file a petition for review in the United States District Court having jurisdiction over her place of residence." [2] (Decision at 2). Accordingly, Ms. Grewal filed her petition for review with this Court on 5 September 2003.

Almost two months later, on 29 October 2003, Ms. Grewal was issued a Notice to Appear charging her removable from the United States, pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), in that she had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (Docket # 8, Ex. A). The Government now argues, in its motion to dismiss, that its subsequent initiation of removal proceedings divests this Court of subject matter jurisdiction over the INS' naturalization determination and that this Court lacks personal jurisdiction over the defendants.

## II. LEGAL STANDARDS

### A. *Subject Matter Jurisdiction*

■ When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction exists. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally consist of two types. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). Facial attacks to subject matter jurisdiction merely question the sufficiency of the pleadings, and courts should apply the Rule 12(b)(6) standard in considering them. *Id.* In such a case, courts should accept the allegations in the complaint as true and construe them in a light most favorable to the nonmoving party. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Factual attacks, the second type of challenge to the court's subject matter jurisdiction, do not really question the sufficiency of the pleading's allegations, but rather contest the factual predicate for subject matter jurisdiction. *Id.* In such a case, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id.; Moir*, 895 F.2d at 269.

While defendants claim their motion involves both a "legal [i.e. facial] and factual attack" on this Court's subject matter jurisdiction, they do not specify which factual allegations relating to subject matter jurisdiction, if any, they are challenging. (Docket # 8). Subject matter jurisdiction in this case really turns on a question of statutory interpretation for which disputed facts, if any, are of little or no consequence. Accordingly, this Court treats the Government's motion to dismiss for lack of subject matter jurisdiction as a facial attack.

---

1. Occurring in 1991 and 1992, all three convictions were petty theft misdemeanors, and at least two, if not all three, of the convictions were subsequently vacated. (Petition at ¶ 11; Decision at 1–2).

2. Ms. Grewal is allegedly a resident of the Northern District of Ohio. (Petition at ¶ 3).

## B. Personal Jurisdiction

 The burden of establishing personal jurisdiction falls on the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir.1980). Where, as here, the parties' briefs present no disputed questions of fact on personal jurisdiction and no issues of credibility, the plaintiff's burden is relatively slight and the district court "must consider the pleadings and affidavits in the light most favorable to the plaintiff." *Id.*

## III. ANALYSIS

### A. Subject Matter Jurisdiction

 The Government does not dispute that this Court had jurisdiction to review Ms. Grewal's petition when it was initially filed on 5 September 2003. Section 310(c) of the Immigration and Naturalization Act ("INA"), as codified at 8 U.S.C. § 1421(c), provides federal district courts with jurisdiction to conduct a *de novo* hearing on the denial of an Application for Naturalization.[3] Rather, it argues, in its motion to dismiss, that Section 318 of the Immigration and Naturalization Act ("INA"), codified at 8 U.S.C. § 1429, divested this Court of its jurisdiction when the Government initiated removal proceedings against Ms. Grewal on 29 October 2003. (Docket # 8,

at 11). In determining whether subject matter jurisdiction exists, the interplay between Section 310(c) and Section 318 of the INA must be resolved.[4]

A brief history of immigration law provides the necessary background for analyzing this jurisdictional issue. Prior to 1990, United States District Courts were vested with exclusive jurisdiction to naturalize aliens as citizens of the United States. 8 U.S.C. § 1421 (amended 1990). A district court was, however, prohibited from naturalizing an alien against whom there was pending a deportation proceeding pursuant to a warrant of arrest. 8 U.S.C. § 1429 (amended 1990).[5] This "prior provision" was intended to prevent "a race between the alien to gain citizenship and the Attorney General to deport him." *Shomberg v. United States*, 348 U.S. 540, 544, 75 S.Ct. 509, 99 L.Ed. 624 (1955).[6]

Congress overhauled the naturalization process with the Immigration Act of 1990, Pub.L. No. 101–649, § 401, 104 Stat. 4978. This Act shifted the primary responsibility for naturalization from the courts and vested the Attorney General with "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). District courts, however, retained the authori-

---

**3.** Section 310(c) provides in its entirety:

A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

**4.** As admitted by the Government, the Sixth Circuit has yet to determine the relationship between the these two sections and their combined affect on district court's subject matter jurisdiction. While the Government does cite one unreported Sixth Circuit decision, *Kembi*

*v. INS*, 8 Fed.Appx. 328 (6th Cir.2001), that decision provides no support for its argument that this Court lacks subject matter jurisdiction in this case. Not only is *Kembi* a habeas corpus case decided under different circumstances, but also the Sixth Circuit actually concluded that the district court, in that case, retained jurisdiction. *Id.* at 329.

**5.** A Notice to Appear issued in a removal proceeding is regarded as a warrant of arrest. 8 C.F.R. § 318.1.

**6.** This "race" occurred because of the interrelationship between naturalization and deportation proceedings. Success in a naturalization petition nullifies the deportation proceeding whereas deportation rendered ipso facto naturalization impossible. *Shomberg*, 348 U.S. at 543–44, 75 S.Ct. 509.

ty to administer oaths of allegiance and, in certain cases, their authority over the administration of oaths is exclusive. 8 U.S.C. § 1421(b). Moreover, district courts were given the authority to conduct *de novo* review of denials of applications for naturalization. 8 U.S.C. § 1421(c), Section 310(c) of the INA. The "priority provision," Section 318 of the INA, was similarly amended to reflect the shift from judicial to administrative naturalization proceedings. 8 U.S.C. § 1429. In its current form, Section 318 of the INA provides, in pertinent part, that:

> [N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act. . . .

8 U.S.C. § 1429.

The Government urges that Section 318 operates to divest district courts of the jurisdiction Section 310(c) provides to review administrative denials of naturalization. However, its argument misinterprets the plain language of the act which prevents only two things of potential relevance to this case: 1) the naturalization of an alien against whom there is outstanding a final finding of deportability;[7] and 2) the Attorney General from considering a peti-

tion for naturalization by an alien against whom deportation proceedings are pending. Section 318 simply has no bearing on the district court's jurisdiction to review the administrative denial of a naturalization application of an alien against whom removal proceedings have been initiated. Not only is such an interpretation consistent with the plain language of the statute, but it also prevents the Government from circumventing "the congressionally mandated de novo judicial review of naturalization decisions simply by initiating removal proceedings." *Ngwana v. Attorney General of the United States,* 40 F.Supp.2d 319, 321–22 (D.Md.1999). The Government's interpretation, on the other hand, creates a situation whereby aliens could be absolutely denied their statutory right to a review of the Government's naturalization decision and left only with an extremely limited and highly deferential appellate review of removal decisions. *Id.*

Divesting district courts of jurisdiction to review administrative denials of naturalization proceedings is particularly problematic when, as here and in *Ngwana,* the removal proceeding was initiated *after* the alien's application for naturalization has been denied and *after* he or she has filed a petition for *de novo* review in the district court. *Ngwana* is the only case precisely on point that is cited by either party, and this Court agrees with its conclusion that Section 318 does not divest district courts of subject matter jurisdiction to review a denial of an alien's naturalization application. 40 F.Supp.2d at 321.[8] Under these

---

**7.** As there is no such finding in this case, this provision is inapplicable at this time.

**8.** The Government cites a collection of cases which are inapposite as they involve situations where removal proceedings were initiated prior to the denial of the petition for naturalization. *See e.g. Apokarina v. Ashcroft,* 232 F.Supp.2d 414, 414 and 417 (E.D.Pa.2002) (explicitly distinguishing *Ngwana* on the grounds that in that case the

"removal proceeding was commenced after the petition for naturalization was denied"); *Zayed v. U.S.,* 221 F.Supp.2d 813, 815 (N.D.Ohio 2002) (noting that "prior to a final agency decision on Plaintiff's Application for Naturalization, the INS initiated deportation proceedings against Plaintiff"). Other cases cited by the Government are similarly distinguishable as they relate to circumstances where removal proceedings were instituted

circumstances, the provision no longer operates to prevent a race to the court house but provides the Government an ultimate trump card on naturalization applications and eviscerates the judicial review procedure envisioned by Congress. In Ms. Grewal's case, there was no race to the court house as removal proceedings were not instituted against Ms. Grewal until after she filed a naturalization application, after her application was denied, after she exhausted her administrative remedies, and after she filed her petition for review with this Court. Preventing judicial review, in this context, is inconsistent with the plain language of Sections 310(c) and 318 of the INA and fails to further their respective purposes.

Accordingly, Ms. Grewal has met her burden of demonstrating that this Court has subject matter jurisdiction to conduct a *de novo* review of the administrative denial of her application for naturalization.[9]

## B. *Personal Jurisdiction*

■ While the Government frames its motion as one to dismiss for lack of personal jurisdiction over the defendants, its actual contention is that Ms. Grewal has failed to name the proper defendants. There is no evidence to suggest that this Court lacks personal jurisdiction over the Attorney General of the United States, the

United States Attorney based in Cleveland, the District Director of the Cleveland office of the Bureau of Citizenship & Immigration Services, or the Secretary of the Department of Homeland Security. Defendants argue that the only proper defendants in this case are the successor agencies to the INS, either the Department of Homeland Security or the Bureau of Customs and Immigration Services. (Docket # 8 at 11).

By examining the interrelationship of the agencies involved in the naturalization process, it becomes apparent that Ms. Grewal has, for the most part, named the correct defendants. Pursuant to the Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135, the Immigration and Naturalization Service ceased to exist as a separate agency within the Department of Justice, effective 1 March 2003, and its functions were transferred to three new agencies, all part of the Department of Homeland Security ("DHS"). 6 U.S.C. §§ 251 and 291. The immigration enforcement functions of the former INS, including the function of adjudicating naturalization petitions, was transferred to the Bureau of Citizenship and Immigration Services ("BCIS") in the DHS. 6 U.S.C. § 271(b)(2) and (b)(3). Accordingly, Tom Ridge, as secretary of DHS, and Mark Hansen, as the District Director of BCIS

---

after the administrative denial but before the petition for judicial review was filed. *Tellez v. INS*, 91 F.Supp.2d 1356, 1357–58 (C.D.Cal.2000); *Mosleh v. Strapp*, 992 F.Supp. 874, 875–76 (N.D.Texas 1998) (explaining that it lacked jurisdiction *because* the deportation proceedings were reinstituted by the INS prior to the filing of the lawsuit) (emphasis added). The Government's reliance on *Mendonca v. INS* is particularly perplexing since it was a habeas corpus case involving an alien who apparently never submitted a naturalization petition to the INS and who was subject to a final order of deportation. 52 F.Supp.2d 155, 164 (D.Mass.

1999), *aff'd*, 201 F.3d 427, 1999 WL 1295834 (1st Cir.1999). Whether or not this Court agrees with the holdings in these cases is immaterial as they present situations not currently before this Court.

9. In its reply brief, the Government also argues that Ms. Grewal has failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. While this Court disagrees with its reasoning, it would be wholly unfair for it to issue a ruling on this issue as Ms. Grewal has not been afforded an opportunity to respond to the Government's argument.

who decided Ms. Grewal's application for naturalization, are proper defendants.[10]

While most of the administrative functions of the INS were transferred to the DHS, the Attorney General retains naturalization authority and the Executive Office of Immigration Review (including the immigration courts and appellate board) remains within the Department of Justice. 6 U.S.C. § 521 and 8 U.S.C. § 1421(a). Accordingly, Attorney General John Ashcroft is a proper defendant; U.S. Attorney Gregory White, on the other hand, is not a necessary defendant in this case.

As this Court has personal jurisdiction over the named defendants, defendants' motion to dismiss for lack of personal jurisdiction is denied. While it appears that Ms. Grewal has essentially named the correct defendants in her petition, her failure to do so would not require dismissal under Rule 12(b)(2).

## IV. CONCLUSION

Because this Court has subject matter jurisdiction and personal jurisdiction over the defendants in this case, the defendants' motion to dismiss is denied. Ms. Grewal is directed to amend her petition to remove U.S. Attorney Gregory White as a defendant and may add the Director of the Bureau of Citizenship and Immigration Services as a defendant.

IT IS SO ORDERED.

---

10. The Director of BCIS may also be a named defendant in this case.