David N. Shomloo, Esq., Portland, OR, for Petitioner–Appellee.

Judith D. Kobbervig, Esq., Office of the U.S. Attorney, Portland, OR, for Respondents–Appellants.

**Juan Manuel OROZCO–SOLIS, Petitioner—Appellee,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Ronald J. Smith in his capacity as District Director; et al., Respondents—Appellants.**

No. 03–35689.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Aug. 4, 2005.

Before: RYMER and KLEINFELD, Circuit Judges, and WEINER,* Senior District Judge.

MEMORANDUM **

While the district court had jurisdiction pursuant to 8 U.S.C. § 1421(c) to review the denial of Orozco–Solis' naturalization

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

application, the district court did not have jurisdiction over the merits of Orozco–Solis' removal order. Only the courts of appeals can directly review final orders of removal. 8 U.S.C. § 1252(b)(2). The district court's jurisdiction to review denials of naturalization applications does not encompass the authority to review orders of removal. 8 U.S.C. § 1421(c); *see Bellajaro v. Schiltgen*, 378 F.3d 1042, 1047 (9th Cir.2004). Therefore, the district court's order purporting to reverse the immigration judge is vacated.

Section 1429 of Title 8 did not divest the district court of its jurisdiction. Jurisdiction stripping statutes are interpreted narrowly. *Ana Intern., Inc. v. Way*, 393 F.3d 886, 894 (9th Cir.2004). Because 8 U.S.C. § 1421(c) plainly confers jurisdiction, and the language of 8 U.S.C. § 1429 does not mandate jurisdiction-stripping, section 1429 did not strip the district court of its jurisdiction under section 1421(c). *See Bellajaro*, 378 F.3d at 1047. However, because Orozco–Solis was in removal proceedings at the time the INS issued its decision, the district court should have affirmed the INS' denial of his naturalization application. *See id.*

REVERSED.