Derrick George **WYNTER,**
Plaintiff—Appellant,

v.

Robert A. **WALLIS, Esq., Immigration Director sued in his individual and official capacity; Dennis Smith, Immigration Agent, sued in individual and official capacity; Kevin J. Pyne, sued in individual and official capacity, Defendants—Appellees.**

No. 04–15534.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 17, 2006.*

Decided May 16, 2006.

Derrick George Wynter, Florence, AZ, pro se.

Cynthia M. Parsons, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Defendants—Appellees.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

MEMORANDUM **

Derrick G. Wynter brought this civil rights action, alleging immigration officials violated his constitutional due process rights by failing to notify him of hearings and by denying his application for naturalization. The district court (1) ruled it

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

lacked subject-matter jurisdiction to review the denial of the application; (2) dismissed two defendants for lack of personal jurisdiction; and (3) granted summary judgment to all defendants based on qualified immunity. We affirm.

### 1. Subject Matter Jurisdiction

Generally, the denial of naturalization is subject to judicial review. *See De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1043 (9th Cir.2004) (citing 8 U.S.C. § 1421(c)). As the district court correctly noted, however, such review is obtained by filing a petition for review against the federal agency rather than filing a civil rights action against individual employees. *See* 8 C.F.R. § 336.9. Thus, the court lacked jurisdiction to review the denial of Wynter's naturalization application.

### 2. Personal Jurisdiction

A court may exercise general jurisdiction over a nonresident defendant with "substantial, continuous, and systematic" contacts in the forum or specific jurisdiction over a defendant who purposefully directs activities or transactions within the forum. *See Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir.2006). Here, Wynter sued two Florida immigration officials, neither of whom resides in Arizona, had substantial, systematic or continuous contacts with Arizona, directed their activities at Arizona, purposefully availed themselves of Arizona law, or had any forum-related contacts. The district court properly dismissed these defendant for lack of personal jurisdiction.

### 3. Qualified Immunity

Public officials have qualified immunity from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir.2005) (internal quotation omitted).

The district court acknowledged that due process generally requires notice of hearings in a manner reasonably calculated to reach the alien. The court nonetheless determined that no defendant could have reasonably believed that his conduct violated Wynter's due process rights. We agree. There is no evidence that defendant Wallis had any personal involvement in the case and therefore he did not violate Wynter's due process rights. Defendant Smyth did not know of Wynter's incarceration and thus reasonably believed it was lawful to send notices to Wynter's address of record. Finally, defendant Pyne knew that Wynter was incarcerated but properly informed him that it was his obligation to notify immigration authorities of his temporary change of address. These defendants therefore reasonably believed their conduct was lawful and are thus entitled to qualified immunity.

**AFFIRMED.**