**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PIARA SINGH GILL,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br>EMILIA BARDINI, Director of the San Francisco Asylum Office; SAN FRANCISCO ASYLUM OFFICE, an agency of the United States Citizenship and Immigration Services; LORI SCIALABBA, Director, Refugee, Asylum, and International Operations, an agency of the United States Citizenship and Immigration Services; NANCY ALCANTAR, Field Office Director, Office of Detention and Removal Operations, an agency of the United States Immigration and Customs Enforcement; CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the Department of Homeland Security; FRANCIS D. SICILIANO, Field Office Director, San Francisco Naturalization Unit; MARK TEMPLE, Officer in Charge of Conducting the Naturalization Examination, | No. 10-15712<br><br>D.C. No. 5:08-cv-05190-RMW<br><br><br>MEMORANDUM[*] |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted January 14, 2011
San Francisco, California

Before:  HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Piara Singh Gill (Gill) challenges the district court's decision to grant the government's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The district court did not address Gill's claim challenging the constitutionality of 8 C.F.R. § 208.24.[1]

1.    The district court erred in granting the government's motion to dismiss for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1).  Pursuant to 8 U.S.C. § 1421(c), the district court had jurisdiction to review the denial of Gill's application for naturalization.  *See United States v. Hovsepian*, 359 F.3d 1144, 1162 (9th Cir. 2004).  Although the district court's review is limited to review of

---

[1] The parties agreed that Gill's asylum claim is not before us at this time.

10-15712

the specific basis of the denial of naturalization, *see De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1043-44 (9th Cir. 2004), *as amended*, it was error for the district court to conclude that it lacked jurisdiction entirely. *See id.*[2]

**2.** The district court dismissed the remainder of Gill's claims pursuant to Fed. R. Civ. P. 12(b)(6), without specifically resolving Gill's claim concerning the constitutionality of 8 C.F.R. § 208.24. In failing to address this argument, the district court erred. The district court had jurisdiction over this issue, because the BIA is without authority to determine the constitutionality of regulations. *See Gete v. I.N.S.*, 121 F.3d 1285, 1291 (9th Cir. 1997).

**REVERSED and REMANDED** for further proceedings consistent with this disposition.

---

[2] Our recent decision in *Cabaccang v. USCIS*, 627 F.3d 1313 (9th Cir. 2010) does not compel a different result. As the panel in *Cabaccang* recognized, there is no statute authorizing judicial review of the denial of an adjustment of status, *see id*. at 1316-17. In contrast, 8 U.S.C. § 1421(c) expressly provides for judicial review of the denial of a naturalization application. *See De Lara Bellajaro*, 378 F.3d at 1046.